# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSUÉ DANIEL RAMOS-GONZÁLEZ, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL INSURANCE COMPANY, <br><br> Defendant. | CIVIL NO.: 15-3104 (MEL) |

**OPINION AND ORDER**

Pending before the court is defendant Universal Insurance Company's ("Universal") motion to dismiss plaintiff Josué Daniel Ramos-González's ("Ramos-González") action in this case with prejudice. ECF No. 30.[1] For the following reasons, Universal's motion is granted.

On February 7, 2017, at the Initial Scheduling Conference, the court set various case management deadlines in this case, including that plaintiff had to make himself available to be evaluated by Dr. Héctor Cortés, defendant's expert witness, by April 30, 2017 and that all depositions had to conclude by July 31, 2017. ECF No. 27. On June 26, 2017, however, Manuel Cobián-Roig, plaintiff's counsel, filed a motion requesting withdrawal as plaintiff's counsel of record in this case. ECF No. 28. In essence, Mr. Cobián-Roig indicates that despite multiple attempts, he has been unable to have communication with his client both by phone and mail, that "plaintiff tends to appear sporadically", and that plaintiff's "attitude towards this court procedure lacks interest, but most importantly it its [sic] detrimental to a competent and effective legal representation, as is to the court's deadlines and procedures." Id. at 1-2.

---

[1] Universal is not disputing negligence; it is, however, contesting whether said negligence caused plaintiff any damages, and if so, the extent of those damages. ECF No. 30 at 2, n.1.

The following day, the court denied without prejudice Mr. Cobián-Roig's motion to withdraw. ECF No. 29. The order contained, in its pertinent part, the following warning:

> Plaintiff is hereby put on notice that if a new attorney does not appear on his behalf by July 13, 2017, he may end up proceeding in this case *pro se*. Even if plaintiff becomes a *pro se* party, he will be held accountable for all the deadlines and proceedings in this case, and any *pro se* motions will have to be either in English or with a certified translation attached. The court will not stay or continue the deadlines simply because there is a change of attorney. Nothing in this order shall be construed as extending or altering the current deadlines or settings in this case. Counsel Manuel Cobián-Roig shall notify this order to the plaintiff. If counsel Cobián-Roig chooses to resubmit his motion requesting leave to withdraw as counsel of record, said motion shall specify plaintiff's postal address and the attempts made by counsel to communicate with his client.

Id.

On July 12, 2017, Universal filed the motion to dismiss currently pending before the court, arguing that as of the said date, plaintiff had failed to inform Universal of the dates that plaintiff would be coming to Puerto Rico in order to "arrange for the pending discovery". Id. at 2. More specifically, Universal claims that as of July 12, 2017, it "has been denied the opportunity to depose and submit Plaintiff to the indepenent medical examination with its expert…." Id. Almost a month elapsed without any response to Universal's motion to dismiss. Under these circumstances, on August 9, 2017 the court issued the following order:

> Pending before the court is Universal Insurance Company's unopposed motion to dismiss. ECF No. 30. On or before August 18, 2017, plaintiff shall show cause as to why the complaint should not be dismissed with prejudice for lack of diligent prosecution and why sanctions not be imposed, monetary or otherwise, such as exclusion of plaintiff's expert witness. Furthermore, on or before August 18, 2017, plaintiff shall make himself available to be deposed by defense counsel and to be examined by defendant's expert witness. No extensions will be granted to these deadlines, regardless of whether the plaintiff wishes to remain with his current legal representation, change his current legal representation, or opt to litigate this matter *pro se*. As of today, however, counsel Cobián-[Roig] remains as plaintiff's counsel of record.

ECF No. 31.

On August 14, 2017, Mr. Cobián-Roig filed a second motion to withdraw as plaintiff's lawyer in this case. ECF No. 32. In this second motion, Mr. Cobián-Roig reiterates the concerns raised in the first motion, but with greater detail and clarifying some additional efforts that he has undertaken. In his renewed motion to withdraw, Mr. Cobián-Roig states that "[p]laintiff's inattention has come to the point of making the prosecution of his case most uncertain if not impossible. Due to the lack of successful communication with our client, the undersigned counsel stems that an opposition to the Motion to Dismiss [Dkt. No. 30] at the moment is not possible due to the absence of pertinent information necessary to oppose." Id. at 1. Mr. Cobián-Roig adds: "Plaintiff's failure to effectively communicate with his counsel reflects his lack of interest in the prosecution of his case." Id. at 2. In support of his request for withdrawal, Mr. Cobián-Roig informs that he has – on a weekly basis – during the months of June, July and August of 2017 attempted unsucessfully to reach his client by means of phone calls and text messages and that he has sent correspondence to plaintiff's two addresses in Pennsylvania. Id. Mr. Cobián-Roig summarizes the situation as follows: "We have made every effort trying to contact Mr. Ramos-González, but we have been unsuccessful in every attempt. Thus, Plaintiff's ineffective inattention reflects his poor desire to continue with the proceedings of his case." Id. at 3. Twelve weeks of inactivity have elapsed since Mr. Cobián-Roig filed his second motion to withdraw.

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). See also Zavala Santiago v. González Rivera, 553 F.2d 710, 712 (1st Cir. 1977) ("A district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution; this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion and the possibility of

harassment of a defendant."); Jardines Ltd. Partnership v. Executive Homesearch Realty Serv., Inc., 178 F.R.D. 365, 367 (D.P.R. 1998).

Despite two motions to withdraw filed by plaintiff's counsel, two orders issuing warnings to the plaintiff, and Universal's pending motion to dismiss that to this day remains unopposed, plaintiff has "maintained a stoic silence at … [his] peril." Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002). Therefore, Universal's motion to dismiss (ECF No. 30) is hereby GRANTED. All claims in the complaint against Universal are DISMISSED WITH PREJUDICE.

Mr. Cobián-Roig's second motion to withdraw (ECF No. 32) is NOTED. Mr. Cobián-Roig is granted thirty days to file certified translations to the exhibits that he has submitted in both motions to withdraw. See ECF Nos. 28, 32. Once those certified translations have been submitted, the court will rule on the merits of Mr. Cobián-Roig's withdrawal request.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of November, 2017.

s/Marcos E. López
U.S. Magistrate Judge